IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-CR-00029-M-1

UNITED STATES OF AMERICA,

    Petitioner,

v.

MARLON PORTER,

    Respondent.

ORDER

    This matter comes before the court on Petitioner's pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 [DE 305] and the United States' Motion to Dismiss [DE 319]. After briefing concluded on the United States' motion, now-former President Joseph R. Biden Jr. commuted Petitioner's sentence to expire on July 16, 2025. *See* DE 323 at 24, 34. This date has passed, and Defendant has been released from federal custody. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited July 21, 2025).

    In *United States v. Surratt*, the Fourth Circuit held that a Presidential commutation renders moot a habeas petition seeking vacatur of a sentence. 855 F.3d 218, 219 (4th Cir. 2017) (en banc). Under those circumstances, the petitioner is "no longer serving a judicially imposed sentence, but a presidentially commuted one," and the "commutation order simply closes the judicial door." *Id.* (Wilkinson, J., concurring). Put another way, after a grant of executive clemency, a federal district court is "*without jurisdiction*" to "opine on" the legality of a habeas petitioner's "original sentence." *Blound v. Clarke*, 890 F.3d 456, 463 (4th Cir. 2018) (emphasis in original). Because Petitioner is no longer serving a judicially imposed sentence, "it is impossible" for this court "to

grant any effectual relief" to him, and his motions are moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Accordingly, Petitioner's motion [DE 305] is DISMISSED AS MOOT and the United States' motion [DE 319] is DENIED AS MOOT. The court denies a certificate of appealability. *See, e.g., United States v. Harris*, No. 3:06-CR-61, 2018 WL 5831256, at *2 (E.D. Va. July 3, 2018).

SO ORDERED this 21st day of July, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE